a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

OKYEAME WOODARD #309377,              CIVIL DOCKET NO. 5:23-CV-01619
Petitioner                                                  SEC P

VERSUS                                                  JUDGE EDWARDS

TIMOTHY HOOPER,                   MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2254 filed by pro se Petitioner Okyeame Woodard ("Woodard"). Woodard is
incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges
his conviction and sentence in the First Judicial District Court, Caddo Parish.

Because Woodard's Petition is second and successive, it should DISMISSED
for lack of jurisdiction.

I.   Background

Woodard previously filed a § 2254 Petition, where the Court summarized:

Okyeame Woodard ("Petitioner"), a drug dealer, was kidnapped and
tortured as part of a plot to rob him of cash he kept in his home.
Petitioner was cut and burned, but he survived. He refused help from
the police and said he would take care of the situation. Several days
later, Petitioner participated in the murder of Michael Winbush, whom
he accused of participating in his kidnapping and robbery. Winbush was
placed in the cab of a truck, doused with gasoline, shot several times,
and burned beyond recognition. Witnesses who participated in the
events testified for the State, and Petitioner was convicted of second-
degree murder.

1

> Petitioner's conviction was affirmed on direct appeal. *State v. Woodard*, 107 So.3d 70 (La. App. 2d Cir. 2012), *writ denied*, 112 So.3d 837 (La. 2013). Petitioner also pursued post-conviction relief in state court. He now seeks federal habeas corpus relief on the grounds that (1) the evidence was insufficient, (2) the State withheld exculpatory material in violation of Brady, and (3) he received ineffective assistance of counsel.

*Woodard v. Cain*, 15-CV-1817, 2018 WL 4137092, at *1 (W.D. La. June 21, 2018), *report and recommendation adopted*, 2018 WL 4120017 (W.D. La. Aug. 29, 2018). The habeas petition was denied and dismissed on the merits, with prejudice.

Woodard filed a second unsuccessful application for post-conviction relief. Writs were denied because the post-conviction application was untimely filed in the trial court. ECF No. 1 at 6; *State v. Woodard*, 2018-1005, p. 1 (La. 1/14/19); 261 So.3d 769, 770 ("The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies."); *State v. Woodard*, 2023-00426, p. 1 (La. 9/26/23); 370 So.3d 474.

Woodard now presents a second § 2254 Petition challenging the same conviction and sentence.   He claims that his sentence is unlawful under *Miller v. Alabama*, 567 U.S. 460 (2012); his indictment was defective; his conviction is unlawful under article 782 of the Louisiana Code of Criminal Procedure and Article I of the Louisiana Constitution; and Louisiana Revised Statute 14:24 is unconstitutional as applied in his case.

## II.   Law and Analysis

Under § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality

2

of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.  Before a second or successive petition can be filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition.  *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."  *Id.*  "[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised."  *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Woodard's first § 2254 Petition was adjudicated on the merits.  *See Woodard*, 2018 WL 4120017.  The new Petition presents claims that could have been raised his first § 2254 Petition.  Therefore, the Petition is second and successive.

Under § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior petition shall be dismissed unless: (1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously

3

through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244.

Woodard does not meet the requirements of § 2244.  He identifies no previously unavailable, retroactively applicable Supreme Court decision affecting his case.  Nor does Woodard identify a newly discovered factual predicate.

Furthermore, Woodard has not obtained authorization to file a second or successive § 2254 Petition from the United States Court of Appeals for the Fifth Circuit.  In fact, he sought and was denied authorization in 2019.  *In re: Woodard*, No. 19-30392 (5th Cir. 2019).  Until Woodard obtains authorization from the Fifth Circuit, this Court is without subject-matter jurisdiction over his Petition.  *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

## III.  <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, March 22, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5